THE LAW OFFICE OF

# ELISA HYMAN, P.C.

September 28, 2023

*VIA ECF*
Honorable John G. Koeltl, U.S.D.J.
United States District Court - Southern District of New York
500 Pearl St.
New York, New York 10007

> *[Handwritten note:]* Application granted. Case management plan stayed for 30 days. Parties to provide a status report no later than 10/24/23. So ordered. [signature] 9/29/23 U.S.D.J.

Re: B.W., et al., v. N.Y.C. Dep't of Educ., et al., 22-cv-1409 (JGK)

Dear Judge Koeltl:

I represent the Plaintiffs in the above-referenced case and write jointly with counsel for the Defendants to respectfully request a 30-day stay of the Case Management Plan ("CMP") while the parties renew settlement negotiations.[1] ECF No. 49. This is the parties' first request for a stay.

As Your Honor may recall, the parties recently participated in a court mediation to resolve the case but were unsuccessful. We then participated in a telephone conference with Your Honor to discuss the status of this case and informed the Court that the major obstacle to settlement was Plaintiffs' request for reimbursement for a college special education program, which totaled slightly more than $8,000.[2] Plaintiffs indicated their intent to file a motion for leave to amend the complaint to specifically add claims concerning the college reimbursement (as well as some additional reimbursements and a claim for pre-judgment interest given the four-year delay in the original reimbursement). Pursuant to the CMP, Plaintiffs' motion for leave to amend is due today, September 28, 2023, with discovery set to proceed and closing in December. ECF No. 49.

In a renewed interest of settlement, particularly considering the litigation costs about to accrue with motion practice and discovery, Plaintiffs have now withdrawn their request for the college reimbursement as part of any settlement of this action. In light of this, Defendants are willing to revive settlement discussions, which will now focus on Plaintiffs' claim for attorneys' fees and costs for both the original underlying administrative action, as well as for the instant

---

[1] This action is brought by Plaintiff B.W. and M.W., individually and on behalf of their son, S.W., a young man with a learning disability. The Complaint alleges, *inter alia*, that the New York City Department of Education ("DOE"), Chancellor David Banks and the New York City Board of Education ("BOE") (collectively "Defendants" or "DOE") have failed to implement an order of an administrative hearing officer, favorable to Plaintiffs, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 *et seq*. Am. Compl., ECF No. 14. Additionally, this action brings claims pursuant to 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"). Plaintiffs also seek an award of attorneys' fees and cost under the IDEA for the underlying administrative hearing as well for the instant federal case.

[2] At the conference, Defendants stated that Plaintiffs' other reimbursements (as ordered in the final administratie decision) were "in the mail." Plaintiffs received one of the checks earlier this week but are still waiting on the full reimbursement owed, but Defendants do not dispute that these monies are owed to Plaintiffs. Any settlement is contingent upon Plaintiffs receiving the reimbursement checks for the original reimbursements ordered in the final decision.

federal case. The parties have successfully negotiated attorneys' fees in numerous cases and are optimistic that we will be able to do so here, without court intervention.

Due to the procedures required to settle an action for fees with Defendants, it is difficult and prejudicial, particularly to Plaintiffs, to proceed on a litigation and settlement track at the same time. If Plaintiffs must proceed with motion practice and discovery, Plaintiffs' counsel will have to expend significant time, which will considerably increase Plaintiffs' fees on this case.[3] If the Court does not grant the stay, either Plaintiffs must forego the additional fees incurred while litigating, which will easily amount to several thousands of dollars, if we want to settle the case, or Plaintiffs are forced to litigate, even though a settlement was likely. A denial of a short stay while we attempt again to settle this action thus puts Plaintiffs in an untenable situation. Plaintiffs' counsel will incur significant fees, which we may not be able to recoup, in order to pursue motion practice and conduct discovery, which will ultimately prove to be unnecessary if this case settles.

The Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York impose obligations on counsel to engage in serious settlement discussions. *See, e.g.*, Fed. R. Civ. P. 16 and Local Rule 47.1. Moreover, Rule 1, which imposes a duty upon counsel to act accordingly, states that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The most "just, speedy and inexpensive" resolution of this action would most likely occur via a settlement even with a short stay of discovery. Further, Plaintiffs propound that there is "good cause" for a stay of discovery – a halt on increasing legal fees needlessly and to promote settlement.

For these reasons, the parties respectfully request a 30-day stay of the CMP, to give the parties additional time to focus on settlement. The parties propose submitting a status report no later than October 24, 2023, indicating we either have reached a settlement in principle, need a referral to Magistrate Judge Katharine H. Parker for assistance in reaching a settlement of the fees, or our intent to proceed with motion practice and discovery because settlement was again unsuccessful.

Thank you for Your Honor's attention to and patience with this case and consideration of this joint request.

Respectfully Submitted,
THE LAW OFFICE OF ELISA HYMAN, P.C.

By: *Erin O'Connor*

Erin O'Connor, Esq., Of Counsel
*Counsel for Plaintiffs*

cc: All counsel of record via ECF

---

[3] Under the IDEA, Plaintiffs, as the prevailing party in the underlying actions, are entitled to an award of reasonable attorneys' fees and costs. 20 U.S.C. § 1415(i)(3)(B)(i)(I); 34 C.F.R. § 300.517. Plaintiffs are also entitled for an award of fees for work performed in this action.